IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ETHAN JOHN NEWCOMER,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-201-P |
| | § | |
| **DONALD JOHN TRUMP, et al.,** | § | |
| *Defendants*. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RECOMMENDING DISMISSAL AND RETURNING CASE TO THE DISTRICT JUDGE

On March 20, 2025, Plaintiff Ethan John Newcomer, proceeding *pro se*, filed an Amended Complaint with Jury Demand [doc. 8], which is the live pleading before this Court. Subsequently, on June 30, 2025, this Court—noting that ninety days had passed since the filing of the amended complaint with no proof of service on Defendants having been filed—ordered Plaintiff to "file, no later than July 15, 2025, either proof of service as required by Rule 4.1 of the Local Rules of the Northern District of Texas or an instrument in affidavit form establishing good cause as to why such proof cannot be filed" [doc. 16]. On July 15, 2025, Plaintiff filed a Motion to Extend Time to File Proof of Service [doc. 17], requesting an additional thirty days to provide proof of service. That same day, the Court granted Plaintiff's motion and ordered Plaintiff to file proof of service on Defendants no later than August 14, 2025 [doc. 18]. On August 13, 2025, Plaintiff filed a Proof of Service on Defendants ("Proof of Service") [doc. 19], which is insufficient, for the reasons stated below, to establish service of process on Defendants.

"Due process under the United States Constitution requires that before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a

Page | 1

constitutionally sufficient relationship between the defendant and the forum." *Winegarner v. Cinemark USA*, No. 3:08-CV-2232-N, 2009 WL 3199508, at *3 (N.D. Tex. Oct. 5, 2009) (citing *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). The Court, in making a determination on the validity of service "must look outside the complaint to determine what steps, if any, the plaintiff took to effect service." *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009).

"For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with [Federal Rule of Civil Procedure ("Rule")] 4." *Pavlov v. Parsons*, 574 F. Supp. 393, 333 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4). When a defendant is an officer of the United States, which Defendants are,[1] Rule 4(i) governs. *See* Fed. R. Civ. P. 4(i). Under Rule 4(i), the following procedure must be followed:

> To properly serve a United States agency [or officer], a plaintiff must serve the United States and send a copy of the summons and complaint by certified or registered mail to the agency. *Id.* 4(i)(2). To serve the United States, a party must serve the United States attorney for the district where the action is brought and send a copy of the summons and complaint by certified or registered mail to the Attorney General of the Untied States. *Id.* 4(i)(1). A plaintiff may serve the Untied States attorney by delivering the summons and complaint to an assistant United States attorney or clerical employee designated by the United States attorney, or sending the summons and complaint by certified or registered mail to the civil-process clerk at the United States attorney's office. *Id.* 4(i)(1)(A). Proof of service must be filed with the court. *Id.* 4(l)(1).

*Devabhaktuni v. C.P.S.*, No. 3:19-cv-1743-N-BT, 2020 WL 4745050, at *3 (N.D. Tex. July 16, 2020) (citing Fed. R. Civ. P. 4(i), (l)), *report & recommendation adopted*, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020). An individual who is a party to the action may not personally serve a

---

[1] In his Amended Complaint, Plaintiff alleges that "Defendants [Donald John] Trump and [James Davis] Vance are both officers of the United States." (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 2.)

defendant. *See* Fed. R. Civ. P. 4(c). "There is no exception for pro se litigants." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (per curiam).

The first issue with Plaintiff's Proof of Service is that, while not entirely clear, it appears that he attempted to personally serve Defendants through United States Postal Service ("USPS") priority mail. (*See* Plaintiff's Proof of Service [doc. 19] at 1-3.) Plaintiff, as a party to this action, is not permitted to serve Defendants himself. *See* Fed. R. Civ. P. 4(c). Moreover, Plaintiff has failed to serve the appropriate individuals by certified or registered mail to effect process on Defendants as set forth in Rule 4(i).

Now that the Court has determined that service on Defendants has not been properly accomplished, the Court must now decide whether dismissal of this action is warranted. Generally, if a defendant has not been served within ninety days of filing the complaint, the court should dismiss the action without prejudice. *See id.* 4(m). Here, it has been 143 days since Plaintiff filed his amended complaint.[2]

Consequently, the Court **RECOMMENDS** that the above-styled and numbered action be **DISMISSED** without prejudice.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings,

---

[2] The Court has already provided Plaintiff with additional time to effect service on Defendants [doc. 18].

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 29, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 15, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE